Frank J. Morales WSBA No. 33002
Noelle E. Dwarzski WSBA No. 40041
McKENZIE ROTHWELL BARLOW
 & COUGHRAN, P.S.
1325 Fourth Ave, Suite 910
Seattle WA 98101
Tel. (206) 224-9900
Fax (206) 224-9820
frankm@mrbclaw.com
noelled@mrbclaw.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUND RETIREMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT TRADING COMPANY, INC., UBI No. 275005170, CARLSON DIVERSIFIED, G.P., A Washington Partnership, GARY J. CARLSON, a Washington Resident, GREG B. CARLSON, a Washington Resident, MARILYN J. CARLSON, a Washington Resident, jointly and severally, and DOES 1-25,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR COLLECTION OF EMPLOYER WITHDRAWAL LIABILITY |

For its complaint, plaintiff alleges as follows:

**I.      PARTIES, JURISDICTION AND VENUE**

1.   Plaintiff is the Board of Trustees of the Sound Retirement Trust ("Trust").

COMPLAINT FOR COLLECTION OF EMPLOYER WITHDRAWAL LIABILITY - 1

McKENZIE ROTHWELL BARLOW &
COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL ne140702

1    The Trust is an "employee pension benefit plan" as defined in Section 3(2) of the Employee
2    Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(2), and
3    a "multiemployer plan" as defined in Section 4001(a)(3) of ERISA, 29 U.S.C. § 1301(a)(3).
4    Plaintiff is the "plan sponsor" of the Trust, as defined in Section 4001(a)(10) of ERISA, 29
5    U.S.C. § 1301(a)(10).

6    2.    Prior to July 1, 2014, Washington Meat Industry Pension Trust was a
7    separate Trust Fund.

8    3.    Effective July 1, 2014 Washington Meat Industry Pension Trust merged into
9    the Sound Retirement Trust.

10   4.    Defendant Summit Trading Company, Inc. ("Summit Trading") is a
11   Washington state corporation having its principal business location in Puyallup,
12   Washington.

13   5.    Summit Trading is an "employer" as defined in Section 3(5) of ERISA, 29
14   U.S.C. § 1002(5).

15   6.    Carlson Diversified, G.P. ("Carlson Diversified"), is a Washington general
16   partnership owned by Gary Carlson, Greg B. Carlson, and Marilyn Carlson.

17   7.    Gary Carlson is a resident of Washington State and one of the general
18   partners of Carson Diversified and one of the principals of Summit Trading.

19   8.    Greg B. Carlson is a resident of Washington State and one of the general
20   partners of Carson Diversified and one of the principals of Summit Trading.

21   9.    Marilyn Carlson is a resident of Washington State and one of the general
22   partners of Carson Diversified and one of the principals of Summit Trading.

COMPLAINT FOR COLLECTION OF EMPLOYER
WITHDRAWAL LIABILITY - 2

McKENZIE ROTHWELL BARLOW &
COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL ne140702

10. Does 1-25 are business entities yet to be identified that share common ownership and are in the same controlled group of Summit Trading, as defined by ERISA § 4221(f)(3)(B), 29 U.S.C. § 1401(f)(3)(B).

11. This Court has jurisdiction over this action pursuant to Sections 4301 and 4221(b) of ERISA, 29 U.S.C. § 1451 and 29 U.S.C. § 1401(b), respectively.

12. Venue is properly laid in this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C.§ 1451(d), because the Trust is administered within this judicial district.

## II.   CLAIM FOR RELIEF I
## SOUND RETIREMENT TRUST WITHDRAWAL LIABILITY

13. The Trust re-alleges the facts set forth in paragraphs 1 through 12 as above as if stated fully herein and further allege as follows::

14. The "plan year" of the Trust for purposes of Section 4205 of ERISA, 29 U.S.C. § 1385, begins July 1st and ends the following June 30th.

15. Prior to September 2013, Summit Trading was obligated to make employer contributions to the Trust on behalf of certain of their employees under the terms of one or more collective bargaining agreements.

16. In September 2013, Summit Trading permanently ceased to have an obligation to contribute to the Trust.

17. In September 2013, Summit Trading had a complete withdrawal from the Trust for the purposes of Section 4203 of ERISA, 29 U.S.C. § 1383.

18. As a result of its complete withdrawal, the Trust determined that Summit Trading owes $1,879,704 in withdrawal liability.

COMPLAINT FOR COLLECTION OF EMPLOYER WITHDRAWAL LIABILITY - 3

McKENZIE ROTHWELL BARLOW & COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL ne140702

19. By letter dated April 7, 2014, the Trust notified Summit Trading in writing of its withdrawal liability assessment and demanded payment in accordance with the installment schedule. The first payment was due May 1, 2014.

20. More than 120 days have passed since the Trust sent its withdrawal liability assessment to Summit Trading. Summit Trading has not asked for a review of the assessment, requested additional information or documentation from the Trust, or made the required payments when due.

21. Summit Trading has not requested arbitration in accordance with ERISA § 4221(a); 29 U.S.C. § 1401(a).

22. By letters dated May 6, 2014 and August 4, 2014, the Trust notified Summit Trading that payment had not been received and that payment must be made within 60 days to avoid a default pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

23. Sixty days have now passed since the Trust's May 6, 2014 and August 4, 2014 letters. Summit Trading failed to make the required payment and is accordingly in default pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

24. Pursuant to Section 4221(b)(1) or ERISA, 29 U.S.C. § 1401(b)(1), Summit Trading owes the Trust immediate payment of $1,879,704 in withdrawal liability.

25. Under the terms of the Trust Agreement and Sections 4301(b), 515, and 502(g)(2) of ERISA Summit Trading is obligated to pay liquidated damages, interest, reasonable attorney's fees, and costs and expenses of suit to be determined upon motions at trial. 29 U.S.C. §§ 1451(b), 1145, 1132(g)(2).

COMPLAINT FOR COLLECTION OF EMPLOYER WITHDRAWAL LIABILITY - 4

McKENZIE ROTHWELL BARLOW & COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL ne140702

### III.   CLAIM FOR RELIEF II
### WASHINGTON MEAT INDUSTRY PENSION TRUST WITHDRAWAL LIABILITY

26. The Trust re-alleges the facts set forth in paragraphs 1 through 25 as above as if stated fully herein and further allege as follows::

27. The "plan year" of the Trust for purposes of Section 4205 of ERISA, 29 U.S.C. § 1385, begins July 1st and ends the following June 30th.

28. Prior to September 2013, Summit Trading was obligated to make employer contributions to the Washington Meat Industry Pension Trust on behalf of certain of their employees under the terms of one or more collective bargaining agreements.

29. In September 2013, Summit Trading permanently ceased to have an obligation to contribute to the Washington Meat Industry Pension Trust.

30. In September 2013, Summit Trading had a complete withdrawal from the Washington Meat Industry Pension Trust for the purposes of Section 4203 of ERISA, 29 U.S.C. § 1383.

31. As a result of its complete withdrawal, the Trust determined that Summit Trading owes $549,708 in withdrawal liability.

32. By letter dated April 7, 2014, the Washington Meat Industry Pension Trust notified Summit Trading in writing of its withdrawal liability assessment and demanded payment in accordance with the installment schedule. The first payment was due June 1, 2014.

33. More than 120 days have passed since the Washington Meat Industry Pension Trust sent its withdrawal liability assessment to Summit Trading. Summit Trading has not

COMPLAINT FOR COLLECTION OF EMPLOYER WITHDRAWAL LIABILITY - 5

McKENZIE ROTHWELL BARLOW & COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL ne140702

1  asked for a review of the assessment, requested additional information or documentation
2  from the Trust, or made the required payments when due.

3      34.    Summit Trading has not requested arbitration in accordance with ERISA §
4  4221(a); 29 U.S.C. § 1401(a).

5      35.    By letter dated December 4, 2014, the Washington Meat Industry Pension
6  Trust notified Summit Trading that payment had not been received and that payment must
7  be made within 60 days to avoid a default pursuant to Section 4219(c)(5) of ERISA, 29
8  U.S.C. § 1399(c)(5).

9      36.    Sixty days have now passed since the Washington Meat Industry Pension
10 Trust's December 4, 2014 letter. Summit Trading failed to make the required payment and
11 is accordingly in default pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

12     37.    Pursuant to Section 4221(b)(1) or ERISA, 29 U.S.C. § 1401(b)(1), Summit
13 Trading owes the Washington Meat Industry Pension Trust immediate payment of $549,708
14 in withdrawal liability.

15     38.    Under the terms of the Trust Agreement and Sections 4301(b), 515, and
16 502(g)(2) of ERISA Summit Trading is obligated to pay liquidated damages, interest,
17 reasonable attorney's fees, and costs and expenses of suit to be determined upon motions at
18 trial. 29 U.S.C. §§ 1451(b), 1145, 1132(g)(2).

19     **IV.    CLAIM FOR RELIEF III - CONTROL GROUP LIABILITY**

20     39.    The Trust re-alleges the facts set forth in paragraphs 1 through 38 as above as
21 if stated fully herein and further allege as follows:

22

COMPLAINT FOR COLLECTION OF EMPLOYER
WITHDRAWAL LIABILITY - 6

McKENZIE ROTHWELL BARLOW &
COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL ne140702

40. Summit Trading, Carlson Diversified, and Does 1-25 share common ownership and are in the same controlled group as defined by Section 4221(f)(3)(B) of ERISA, 29 U.S.C. § 1401(f)(3)(B).

41. Carlson Diversified, Gary Carlson, Greg B. Carlson, Marilyn Carlson and Does 1-25 are jointly and severally liable for the immediate payment of $1,879,704 to the Sound Retirement Trust in withdrawal liability because they are in the same control group as Summit Trading as defined by Sections 4221(f)(3)(B) and 4001(a)(14) of ERISA, 29 U.S.C. § 1401(f)(3)(B) and 1301(a)(14).

42. Carlson Diversified, Gary Carlson, Greg B. Carlson, Marilyn Carlson and Does 1-25 are jointly and severally liable for the immediate payment of $549,708 to the Washington Meat Industry Pension Trust in withdrawal liability because they are in the same control group as Summit Trading as defined by Sections 4221(f)(3)(B) and 4001(a)(14) of ERISA, 29 U.S.C. § 1401(f)(3)(B) and 1301(a)(14).

43. Carlson Diversified, Gary Carlson, Greg B. Carlson, Marilyn Carlson and Does 1-25 are jointly and severally liable for the payment of liquidated damages, interest, reasonable attorney's fees, and costs and expenses of suit, to be determined upon motions or at trial, as provided by the terms of the Trust Agreements and Sections 4301(b), 515, and 502(g)(2) of ERISA, 29 U.S.C. §§ 1451(b), 1145, 1132(g)(2).

////

////

COMPLAINT FOR COLLECTION OF EMPLOYER WITHDRAWAL LIABILITY - 7

McKENZIE ROTHWELL BARLOW & COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL ne140702

1  WHEREFORE, plaintiff prays for judgment as follows:

2  (a) For withdrawal liability to Sound Retirement Trust from Summit Trading Company, Inc. in the amount of $1,879,704 with interest thereon determined in accordance with ERISA §§ 4219(c)(6) and 4221(b)(1), 29 U.S.C. §§ 1399(c)(6) and 1401(b)(1);

(b) For withdrawal liability to Washington Meat Industry Pension Trust from Summit Trading Company, Inc. in the amount of $549,708 with interest thereon determined in accordance with ERISA §§ 4219(c)(6) and 4221(b)(1), 29 U.S.C. §§ 1399(c)(6) and 1401(b)(1);

(c) For withdrawal liability based on control group liability from Carlson Diversified, Gary Carlson, Greg B. Carlson, Marilyn Carlson and Does 1-25, jointly and severally, in the amount of $1,879,704 with interest thereon determined in accordance with ERISA §§ 4219(c)(6) and 4221(b)(1), 29 U.S.C. §§ 1399(c)(6) and 1401(b)(1) to Sound Retirement Trust;

(d) For withdrawal liability based on control group liability from Carlson Diversified, Gary Carlson, Greg B. Carlson, Marilyn Carlson and Does 1-25, jointly and severally, in the amount of $549,708 with interest thereon determined in accordance with ERISA §§ 4219(c)(6) and 4221(b)(1), 29 U.S.C. §§ 1399(c)(6) and 1401(b)(1) to Washington Meat Industry Pension Trust;

COMPLAINT FOR COLLECTION OF EMPLOYER
WITHDRAWAL LIABILITY - 8

McKENZIE ROTHWELL BARLOW &
COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL ne140702

1  (e) For attorney fees and costs, pursuant to Section 502(g) of ERISA, 29 U.S.C.

2  § 1132(g); and

3  (f) For such other and further relief as this Court deems just and equitable.

4  DATED this 9th day of March, 2015.

  *s/ Frank J. Morales*
  *s/ Noelle E. Dwarzski*

  Frank J. Morales WSBA No. 33002
  Noelle E. Dwarzski WSBA No. 40041
  McKENZIE ROTHWELL BARLOW
    & COUGHRAN, P.S.
  1325 Fourth Ave., Suite 910
  Seattle WA 98101
  Tel. (206) 224-9900
  Fax (206) 224-9820
  frankm@mrbclaw.com
  noelled@mrbclaw.com
  Attorneys for Plaintiff

COMPLAINT FOR COLLECTION OF EMPLOYER
WITHDRAWAL LIABILITY - 9

McKENZIE ROTHWELL BARLOW &
COUGHRAN, P.S.
1325 FOURTH AVE, SUIT 910
SEATTLE, WA 98101
(206) 224-9900

3901.000 WDL ne140702